IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FEDERAL MACHINERY AND EQUIPMENT COMPANY D.B.A. FEDERAL EQUIPMENT COMPANY, | ) CASE NO. 1:21-CV-01422 ) ) JUDGE DONALD C. NUGENT ) |
| Plaintiff, | ) ) |
| vs. | ) ) MEMORANDUM OPINION AND ORDER |
| MICHAEL TOUSEY, *et al.*, | ) ) |
| Defendants. | ) |

This matter is before the Court upon a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404 filed by Defendants NantWorks, LLC, NantKwest, Inc., and ImmunityBio, Inc. (collectively, the "Corporate Defendants")(ECF #10). Plaintiff, Federal Machinery and Equipment Company (hereinafter, "Federal Equipment Company"), filed its Opposition to the Motion to Transfer Venue, (ECF #15) and the Corporate Defendants filed their Reply (ECF #19). The parties have also filed sur- replies and responses. The motion is fully briefed and ripe for review.

FACTS

Plaintiff Federal Equipment Company is a used equipment dealer, specializing in processing and packaging equipment for chemical and pharmaceutical manufacturing based in Ohio. One of the defendants, ImmunityBio, is a Delaware corporation with its headquarters in California. ImmunityBio is a late-clinical-stage immunotherapy company developing next-generation therapies for defeating cancers and infectious diseases. Defendant NantKwest merged

with ImmunityBio forming the combined entity under the name "ImmunityBio, Inc." Defendant NantWorks, a Delaware corporation with its headquarters in California, is a diversified umbrella company focusing on biotech, healthcare AI, and mobility. Michael Tousey is the individual defendant who is a former employee of Federal Equipment Company and current employee of ImmunityBio.

There are four contracts involved in this case.[1] The Mutual Confidentiality Agreement (hereinafter, "MCA") between Federal Equipment Company and Dorado International, no longer in existence, was signed on June 1, 2012. Tousey signed that agreement on behalf of Dorado International. That agreement specified Cleveland, Ohio in its forum selection clause. Dorado International dissolved in 2014. However, the Second Amendment to Business Opportunity Agreement (hereinafter, "Second Amendment") states the terms of the MCA shall remain in effect. This agreement was dated May 1, 2020 between Federal Equipment Company and Tousey.

The third contract involved in this dispute is the Techceuticals-Federal Equipment Agreement (hereinafter, "Techceuticals Agreement"). This agreement was between Federal Equipment Company and Tousey on August 29, 2014. The forum selection clause named Cuyahoga County Court of Common Pleas as the venue for any disputes arising from the terms of the contract. Techceuticals transferred ownership to Federal Equipment in the Second Amendment.

---

[1] In their Memorandum in Support of Motion to Transfer, Defendants discuss another potential agreement, the Professional Services Agreement, between NantKwest and Techceuticals. However, no signed version of this contract exists.

The last contract involved in this case is the Mutual Non-Disclosure Agreement (hereinafter, "NDA"). This agreement was entered into between NantWorks and Federal Equipment Company on January 11, 2021. The forum selection clause named Los Angeles, California as the forum for disputes arising under the contract and the laws of California are to apply.

Plaintiff Federal Equipment filed suit in the Court of Common Pleas in Cuyahoga County, Ohio, on July 20, 2021. Federal Equipment asserts nine causes of action including breach of contract, misappropriation of trade secrets, business torts, and an injunction. On July 23, 2021, the case was removed to the Federal District Court for the Northern District of Ohio on the basis of diversity jurisdiction.

## ANALYSIS

The Corporate Defendants filed a motion to transfer venue to the United States District Court for the Central District of California in Los Angeles. This transfer of venue is sought pursuant to a mandatory forum selection clause in the NDA between Defendant NantWorks and Federal Equipment Company. Plaintiff filed a motion opposing a transfer of venue using the other three agreements described previously with a forum clause selecting Cleveland, Ohio as the mandatory forum. Federal Equipment contends that only one of the claims in the complaint arises from obligations in the contract that contains a forum selection of Los Angeles, California. Further, Federal alleges that one of the claims arising under the NDA is not enough to transfer venue of the entire case. Defendant Corporations argue that a party to the MCA, under which many of the claims arise, is not even a party in this litigation.

Plaintiff Federal Equipment uses the MCA to support its allegation that the appropriate forum is in Cleveland. The agreement was signed by Federal Equipment and Michael Tousey. However, the Sixth Circuit held that where the principal is named on the face of the agreement, the signer is acting in a representative capacity. *Fed. Deposit Ins. Corp. v. Tennessee Wildcat Servs., Inc.*, 839 F.2d 251 (6th Cir. 1988). In the MCA, under the first section titled "Identification of the Parties," the contract states, "This Mutual Confidentiality Agreement is made on June 1st, 2012, between Federal Equipment Company…and Dorado International, Inc." Further, under the "Execution" section of the agreement, Michael Tousey signed underneath "For Dorado International, Inc." It appears from the MCA contract that Tousey was signing in his representative capacity as an agent on behalf of Dorado International and therefore would not be liable in his personal capacity for claims arising thereunder.

The MCA, however, was incorporated in the Second Amendment which has a provision in it stating, "the terms of the Mutual Confidentiality Agreement dated June 1st, 2012 shall remain intact and in effect." This agreement also states that it was "between Michael Tousey and Federal Equipment" on May 1, 2020. There is a general contract principal that allows for a contract to incorporate by reference another contract:

> As long as the contract makes clear reference to the document and describes it in such terms that its identity may be ascertained beyond doubt, the parties to a contract may incorporate contractual terms by reference to a separate, noncontemperaneous document, including a separate agreement to which they are not parties, and including a separate document which is unsigned. 11 Williston on Contracts § 30:25 (4th ed.).

In this case, the terms of the Second Amendment clearly and unambiguously incorporate by reference the terms of the MCA in its entirety. The other party to the MCA, Dorado International, was dissolved prior to the date of the Second Amendment. However, if incorporation by

4

reference can include a document that is unsigned, the document does not need to be a currently binding contract to be incorporated into another contract. Also, if a separate agreement is incorporated, they need not be the same parties. Therefore, the terms of the MCA, including the forum selection clause naming Cleveland as the proper forum, would be effective through incorporation by reference in the Second Amendment. Tousey signed the Second Amendment in his personal capacity, thereby binding him to it.

Corporate Defendants move to transfer under § 1404, the provisions of which codify the doctrine of *forum non conveniens* for cases where the transferee forum is another federal court. A § 1404(a) transfer analysis balances several private and public interests. *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 567 (6th Cir. 2019). The private interests include court deference to plaintiff's forum preference and the convenience of the parties. *Id.* Public interests derive from "the interest of justice." 28 U.S.C. § 1404(a). Among these interests is judicial economy. However, the Supreme Court in *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60–61, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013) concluded that the analysis changes when there is an enforceable forum-selection clause. Under this analysis, the plaintiff's choice of forum is given no weight and the court only evaluates the public interest factors. *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209 (6th Cir. 2021)

However, in cases involving multiple agreements with different forum-selection clauses, enforcement of all the forum-selection clauses "would lead to parallel proceedings involving the same issues in at least two different venues that could result in conflicting judgments." *Woods v. Christensen Shipyars, Ltd.*, No. 04–61432–CIV, 2005 WL 5654643, at *11 (S.D.Fla. Sept.23, 2005). Courts have found that "when enforcing 'the forum selection clauses of all the

agreements' would force the parties to litigate 'in multiple forums, the exact same claims,' the Court would enforce the forum selection clause in only one agreement."*Boling v. Prospect Funding Holdings, LLC*, No. 1:14-cv-00081-GNS-HBB, 2015 WL 5680418, at *5 (W.D. Ky. Sept. 25, 2015), citing *Capsource Fin., Inc. v. Moore*, No. 11-2753, 2012 WL 2449935, at *4 (D. Minn. June 27, 2012) (quoting *Pressdough of Bismarck, LLC v. A & W Rests., Inc.*, 587 F. Supp. 2d 1079, 1086 (D.N.D. 2008). The question then becomes which forum selection clause controls.

Of the eight claims alleged in the Plaintiff's Complaint, five of them are against Tousey: breach of contract, misappropriation of trade secrets under Ohio law, breach of fiduciary duty under Ohio law, breach of a loan under Ohio law, and tortious interference with economic relations under Ohio law (ECF #1). Many of these claims, including the breach of contract, arise from the MCA with a Cleveland forum selection clause. The remaining three claims are against the Corporate Defendants: breach of contract, misappropriation of trade secrets under Ohio law, and tortious interference with economic relations under Ohio law (ECF #1). The breach of contract claim arises from the NDA which contains a forum selection clause naming Los Angeles, California as the proper forum.

In a similar case, a court in the Northern District of Texas found that "in cases involving competing forum selection clauses, the analysis for which forum selection clause to enforce, or whether to enforce any at all, is dependent on the facts of the case."*Bio World Merch., Inc. v. Interactive Bus. Info. Sys., Inc.*, No. 3:19-CV-2072-E, 2020 WL 6047605, at *5 (N.D. Tex. Oct. 9, 2020); citing *Corsentino v. Meyer's RV Ctrs. LLC*, No. 20-03287, 2020 WL 4199744, at *8

(D. N.J. July 22, 2020). The Texas court cited to the Central District of California court which, when presented with conflicting forum selection clauses, "enforced [the] clause out of which majority of plaintiff's claims arose." *Bio World Merch., Inc.,* (N.D. Tex. Oct. 9, 2020); citing *Primary Color Sys. Corp. v. Agfa Corp.*, No. 17-00761, 2017 WL 8220729, at *7 (C.D. Ca. July 13, 2017). While this case is not binding here, the analysis is persuasive and results in a finding that the forum selection clause in the MCA would control. Accordingly, because a majority of the plaintiff's claims arose out of the MCA, the appropriate forum under the MCA would be Cleveland, Ohio.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Transfer Venue (ECF # 10) is DENIED. IT IS SO ORDERED.

_____
Donald C. Nugent
UNITED STATES DISTRICT JUDGE

Date: March 2, 2022