IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FEDERAL MACHINERY AND EQUIPMENT COMPANY D.B.A. FEDERAL EQUIPMENT COMPANY, | ) ) ) ) CASE NO. 1:21-cv-01422 ) ) JUDGE CHARLES E. FLEMING |
| Plaintiff, | ) ) MAGISTRATE JUDGE JONATHAN ) GREENBERG |
| vs. | ) ) |
| MICHAEL TOUSEY, et al., | ) ) |
| Defendants. | ) **DEFENDANT TOUSEY'S MOTION TO** ) **DISMISS COUNTS III, V, AND VII OF** ) **PLAINTIFF'S SECOND AMENDED** ) **COMPLAINT** |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Michael Tousey ("Tousey") moves this Court for an Order dismissing Counts III (Breach of Contract), Count V (Breach of Fiduciary Duty) and Count VII (Tortious Interference with Business Relations) based upon the preemption provision of the Ohio Uniform Trade Secrets Act, Ohio Revised Code § 1333.67.  A Memorandum in Support is attached.

1

Respectfully submitted,

*/s/ Henry G. Grendell*

_____
Arthur M. Kaufman (0017724)
Henry G. Grendell (0063414)
Shawn M. McGraw (00063547)
Kaufman, Drozdowski & Grendell LLC
29525 Chagrin Boulevard, Suite 250
Pepper Pike, Ohio 44122
Phone: 440.462.6500
Fax: 440.462.6504
amk@kdglegal.com
hg@kdglegal.com
smcgraw@kdglegal.com

Attorneys for Defendant Michael Tousey

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FEDERAL MACHINERY AND EQUIPMENT COMPANY D.B.A. FEDERAL EQUIPMENT COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL TOUSEY, et al., <br><br> Defendants. | CASE NO. 1:21-cv-01422 <br><br> JUDGE CHARLES E. FLEMING <br><br> MAGISTRATE JUDGE JONATHAN GREENBERG <br><br> **DEFENDANT TOUSEY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS III, V, AND VII OF PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendant Michael Tousey submits his Memorandum in Support of his Motion to Dismiss as follows:

## I. INTRODUCTION

On August 16, 2023, Mr. Tousey moved for Judgment on the Pleadings seeking dismissal of Counts III, V and VII of Federal's then-current Amended Complaint. (ECF #147). As explained in Mr. Tousey's Memorandum in Support of his Motion for Judgment on the Pleadings, each of the referenced Counts in Federal's Amended Complaint were premised upon a single, common allegation (misappropriation of trade secrets, pled under federal and state statutes in Counts I and IV).[1] But Federal impermissibly relied on that basic allegation to set forth three separate common law causes of action: Breach of Contract (Count III), Breach of Fiduciary Duty (Count V) and Tortious Interference with Economic Relations (Count VII). The Ohio Uniform

---

[1] For ease of the Court's reference, Mr. Tousey's Motion for Judgment on the Pleadings with Memorandum in Support (ECF # 147) and Reply Brief (ECF # 165) are both attached as Exhibits A and B, respectively, and fully incorporated by reference.

1

Trade Secrets Act ("OUTSA") makes clear that this approach is invalid as a matter of law as each of the common law claims is preempted under OUTSA's broad preemption clause.

Mr. Tousey's Motion For Judgment on the Pleadings, directed to the state law Counts in the Amended Complaint, remained pending when Federal was permitted to file a Second Amended Complaint. (ECF # 220). In filing its Second Amended Complaint, Federal's allegations against Mr. Tousey in Counts III, V and VII remain unchanged. Moreover, in the intervening months since Mr. Tousey's Motion was filed, the Ohio Supreme Court has now addressed OUTSA preemption and made even more clear that each of Federal's state common law claims in Counts III, V and VII of the Second Amended Complaint are preempted and must be dismissed as a matter of law.

## II. THE APPLICABLE LEGAL STANDARD REMAINS UNCHANGED

In its previously filed Motion for Judgment on the Pleadings and Memorandum in Support, Mr. Tousey set forth the familiar standard this Court applies under Federal Rule of Civil Procedure 12(c) in evaluating OUTSA preemption in a Motion for Judgment on the Pleadings. See ECF 147 at Page ID # 4022-23. The current Motion to Dismiss is directed against the newly filed Second Amended Complaint, but the applicable legal standard remains the same. See *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (noting that the standards of review under Rule 12(c) and Rule 12(b)(6) are the same). Thus, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id*. (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007)). The well-pleaded factual allegations must "plausibly give rise to an entitlement to relief." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868

2

(2009).  Pleaded facts will do so if they "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. at 480*.  Pleaded facts will not do so if they "are 'merely consistent with' a defendant's liability." *Id.*  Applying this standard to the Second Amended Complaint compels the dismissal of Counts III, V and VII as each count is preempted by OUTSA as a matter of law, as further discussed below.

**III.     COUNTS III, V AND VII OF FEDERAL'S SECOND AMENDED COMPLAINT ARE PREEMPTED AND MUST BE DISMISSED**

In opposing Mr. Tousey's Motion for Judgment on the Pleadings, Federal raised essentially two arguments:  (i)  that preemption of Federal's Common Law Counts by OUTSA was not "ripe" for decision; and that (ii) the claims were either outside of the scope of OUTSA's preemption clause, or premised upon some basis other than trade secrets or confidential information.   The arguments and authority cited in Mr. Tousey's Memorandum and Reply Brief demonstrated that both of those arguments fail as a matter of law.  Those arguments and cited authority remain applicable to the Second Amended Complaint, and require dismissal of Federal's state common law claims in Counts III, V and VII, as further discussed below.

Perhaps recognizing that Counts III, V and VII were indeed preempted as Mr. Tousey argued in his earlier Motion for Judgment on the Pleadings, Federal represented to the Court that it had gathered significant additional facts since filing its Amended Complaint that would demonstrate the inapplicability of Mr. Tousey's preemption arguments.  Specifically, Federal stated as follows:

> To the extent that the Court does not deny Tousey's Motion, the Court has (and should exercise) discretion to grant Federal leave to file a Second Amended Complaint that will incorporate **significant additional factual allegations based upon information Federal has learned through discovery** . . . . (emphasis added).

ECF # 151 at PageID # 4043 (Federal's Opp. Brf. at page 4).

3

Federal has now filed a Second Amended Complaint with the Court's permission and has introduced no new allegations whatsoever, let alone facts, to support its position on preemption. In fact, not a single allegation as it relates to Mr. Tousey has changed in any way from the Amended to Second Amended Complaint. Accordingly, the time has come for Counts III, V and VII to be dismissed under the authority of OUTSA's broad preemption clause.

Not only has Federal failed to add any allegations or information that would rescue Counts III, V and VII from preemption, but the law in this area has now been substantively updated by the Ohio Supreme Court in the months since Mr. Tousey filed his original Motion. On October 12, 2023, the Ohio Supreme Court addressed the scope of OUTSA preemption directly. *Hanneman Family Funeral Home and Crematorium v. Orians*, --- N.E. 3d ---; 2023 WL 6626674 (Ohio Sup. Ct., March 23, 2023). *Hanneman* confirms earlier Federal Court rulings that Mr. Tousey cited regarding the wide scope of OUTSA preemption. In addressing preemption of some of the very same common law claims that Federal is attempting to pursue in this case, including tortious interference with business contracts and relationships, the Supreme Court recognized a split of authority on whether statutes in other states similar to OUTSA preempt all claims, even when the information at issue is not a trade secret as defined by statute. The Court did not find it necessary to decide that specific question, but came down squarely on the side of those courts that have interpreted OUTSA preemption broadly:

> The fact that . . .[allegedly misappropriated information] 'is not ultimately found to be [a] trade secret[] under the [OUTSA does] not make the preemption clause inapplicable. Rather the key inquiry is whether the same factual allegations of misappropriation are being used to obtain relief outside the [OUTSA]. . . [citations omitted]. Because Hanneman Family's tort claims at issue here are premised on allegations of misappropriated trade secrets, they are preempted by the [OUTSA].

*Hannemann*, 2023 WL at * 4.

4

In reaching its decision, the Ohio Supreme Court ruled consistently with 6th Circuit authority cited in Mr. Tousey's original Motion and Reply, namely that OUTSA "should be understood to preempt not only causes of action for misappropriation of trade secrets, but also causes of action that are based in some way on misappropriation of trade secrets." *Stolle Machinery Co. v. Ram Precision Indus*., 605 Fed. App. 473, 484 (6th Circ. 2015).

The same analysis applies here.  As detailed in Mr. Tousey's original Motion and Memorandum, Federal has consistently argued that virtually everything Mr. Tousey had access to in his employment at Federal was a trade secret.  *Stolle* and now *Hanneman* demonstrate that a scattershot approach to trade secret misappropriation allegations of this type has a double edge. Federal cannot rely upon sweeping allegations regarding the breadth of its trade secrets, and simultaneously avoid the conclusion that its common law claims are preempted under the standard in *Stolle*.  In fact, as detailed in Mr. Tousey's Memorandum in Support and Reply, Federal's common law Counts for Breach of Contract, Breach of Fiduciary Duty and Tortious Interference are inextricably intertwined with their allegations of trade secret misappropriation, well beyond the requirement of *Stolle* that they simply be based in some way on trade secret misappropriation. Moreover, *Hanneman* now makes clear that the factual question of whether or not Federal's alleged trade secrets actually qualify for OUTSA protection is ultimately  irrelevant to preemption of common law clams of the type pled by Federal.  Taken together *Stolle* and *Hanneman* confirm that Federal's common law claims are ripe for a ruling and properly preempted by OUTSA. Accordingly, Counts III, V and VII should be dismissed.

## IV. CONCLUSION

For the reasons set forth in Mr. Tousey's Motion for Judgment on the Pleadings and related briefing, as supplemented by the analysis and case law noted above, Counts III, V and VII of Federal's Second Amended Complaint must be dismissed.

          Respectfully submitted,

          */s/ Henry G. Grendell*

          Arthur M. Kaufman (0017724)
          Henry G. Grendell (0063414)
          Shawn M. McGraw (0063547)
          Kaufman, Drozdowski & Grendell LLC
          29525 Chagrin Boulevard, Suite 250
          Pepper Pike, Ohio 44122
          Phone: 440.462.6500
          Fax: 440.462.6504
          amk@kdglegal.com
          hg@kdglegal.com
          smcgraw@kdglegal.com

          Attorneys for Defendant Michael Tousey

## CERTIFICATE OF SERVICE

      A copy of the foregoing was served via the Court's electronic filing system, this 17th day of January 2024.

_____

Attorney for Michael Tousey

# EXHIBIT A

**(Motion for Judgment on the Pleadings)**

# EXHIBIT B

**Reply Brief in Support of Motion for Judgment on the Pleadings**