**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL MACHINERY AND EQUIPMENT COMPANY D.B.A. FEDERAL EQUIPMENT COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 1:21-CV-01422 <br><br> JUDGE CHARLES E. FLEMING <br><br> MAGISTRATE JUDGE JONATHAN D. GREENBERG <br><br> **SPECIAL MASTER'S STATUS REPORT** |
| Plaintiff, | | |
| vs. | | |
| MICHAEL TOUSEY, et al., | | |
| Defendants. | | |

In accordance with the Court's Order appointing a Special Master and the Special Master's commensurate duties (ECF No. 219), the parties met and conferred with the Special Master on Friday, January 26, 2024 from approximately 2:00 p.m. until 4:15 p.m. The parties made significant progress resolving various outstanding discovery considerations raised by Plaintiff but were not able to resolve all matters. A summary of the parties' commitments from the meeting are summarized below:

1. **Third Party Subpoenas:**

The Corporate Defendants have issued approximately 25 subpoenas to various third-party entities associated with Federal's business, that may have pertinent information relating to the nature of Plaintiff's tortious interference claim. Plaintiff agreed to confirm the specific entities that are the subject of its Tortious Interference claim. To that end, Corporate Defendants have voluntarily withdrawn five of the 25, and agreed to limit third-party discovery to the parties so identified. Of the remaining outstanding subpoenas, Plaintiff asks to be included in all material communications related to Corporate Defendants' communications with the entities subject to

subpoena, and Corporate Defendants agree to do so and request the same courtesy from Plaintiff, who agreed to comply. Corporate Defendants also agree to Bates Stamp and turn over any written material provided subject to the subpoena to all parties, and to mark the materials "Attorneys Eyes Only" as outlined in the Protective Order previously filed in this case (ECF No. 46).

2. **Damage Discrepancies:**

Plaintiff alleges they have received conflicting information from Corporate Defendants during discovery regarding the value of Corporate Defendants' equipment purchases made after Defendant Tousey's employment changed. After the parties met and conferred, on January 29, 2024, Plaintiff provided Defendants additional information regarding the discrepancy, and requested clarification on or by January 31, 2024. Corporate Defendants have agreed to revisit this issue and resolve discrepancies in accordance with Plaintiffs requests via email but requested more time to do so. Corporate Defendants are to provide additional information and/or documentation to Plaintiff by end of business on February 9, 2024. The parties are to confirm with the Special Master if/when such material is exchanged.

3. **Hard Drives in Defendant Tousey's Possession:**

Defendant Tousey (through counsel) is in possession of 11 external drives. Some material has been exchanged and viewed. Plaintiff expressed concern that the drives and folders identified as containing relevant material may not be complete and have reason to believe additional relevant material exists that has not been reviewed. Though this request comes to the Special Master after the close of the main discovery period, Defendant Tousey and Plaintiff both agreed they had been discussing this issue for months, and the origin of the issue began during the discovery period but was never resolved. The Special Master reviewed the parties' originally agreed-upon methodology, and concurred that the drives were not fully reviewed. Plaintiffs and

Defendant Tousey are to obtain a quote to properly upload all material located on the drives, develop search terms to run across the data, and then review all potentially relevant material. The parties must decide whether the cost is justified to do so, and then report back to the Special Master with their decision no later than Friday, February 9, 2024. If one or multiple parties decide they want to proceed with the data extraction and review, then the parties may need to meet and confer again with the Special Master to discuss how to handle the volume of data, and the method of exchange between the parties. The Special Master acknowledges Corporate Defendants' concern that exchanging voluminous discovery at this juncture may unfairly prejudice the parties, given the Court's looming deadlines.

4. **Motion to Compel:**

The parties filed Motions to Compel (ECF Nos. 179 and 196). On December 20, 2023, Magistrate Judge Greenberg ruled on the motions, and issued an order granting, in part, and denying, in part, the parties' requests (ECF No. 210). During the meet and confer with the Special Master, additional questions were raised about the scope of the Court's order regarding Plaintiff's Request for Production of documents and information related to the Corporate Defendants' intermingling of electronic data, information, financial resources, and employees.

The parties disagree on the scope of information required to satisfy the Court's Order regarding the outstanding Motions to Compel, specifically as it relates to the Shared Services Agreement, and the flow of information between and around the Corporate Defendants and the various subsidiaries, parent and holding companies, and other related entities. The Special Master has reviewed the Court's Order, and believes the order clearly describes the material Corporate Defendants were ordered to produce. Since Plaintiff feels the material produced is insufficient to satisfy the Order, the parties are to submit additional briefing on this matter to address: (1) any

3

request for additional material to be produced specific to the "Quarterly Reports" issue raised in the Order (and the basis for Plaintiff's understanding that such material exists), (2) the parties' understanding of the Court's expectations and order, (3) and why or why not Plaintiff is entitled to this information. Plaintiff is to submit their explanation to the Special Master via email by end of business on Wednesday, February 7, 2024. Corporate Defendants (and Defendant Tousey if he so wishes) are to respond in kind by end of business on Wednesday, February 14, 2024. The Special Master will review the parties' positions and rule on the issues in a timely fashion.

Respectfully submitted,

/s/ Marisa T. Darden

MARISA T. DARDEN (0074258)
**BENESCH, FRIEDLANDER, COPLAN ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  mdarden@beneschlaw.com

*Special Master*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation to the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

        Respectfully submitted,

        */s/ Marisa T. Darden*
        Marisa T. Darden

        *Special Master*