UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FEDERAL MACHINERY AND EQUIPMENT COMPANY D.B.A. FEDERAL EQUIPMENT COMPANY, ) ) ) | Case No. 1:21-CV-01422 JUDGE CHARLES E. FLEMING |
| Plaintiff, ) ) ) | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| v. ) ) | |
| MICHAEL TOUSEY, *et al.*, ) Defendants. ) ) | **SPECIAL MASTER'S ORDER RELATED TO OUTSTANDING DISCOVERY ITEMS** |

In accordance with the Court's Order appointing a Special Master and the Special Master's commensurate duties (ECF No. 219), and in conjunction with the Special Master's Status Report filed on February 2, 2024 (ECF No. 228), the Special Master provides the following update and Orders accordingly:

1. **Third Party Subpoenas:**

In addition to the agreed upon commitments memorialized in the Special Master's Status Report, the parties have agreed to limit the Corporate Defendants' subpoenas to the parties relevant to Plaintiff's Tortious Interference Claims (ECF No. 230). The parties have resolved this issue.

2. **Damage Discrepancies:**

The parties exchanged relevant material and have resolved this issue.

3. **Hard Drives in Defendant Tousey's Possession:**

Plaintiff raised an issue during the Special Master's meet and confer that some material may still exist relevant to Plaintiff's claims on approximately 11 external drives in Defendant Tousey's possession. Specifically, both Plaintiff and Defendant Tousey stated that, since before the discovery period closed, counsel for Plaintiff and Defendant Tousey had engaged in a discussion about whether their originally agreed upon methodology for winnowing and reviewing material on the drives properly captured all data potentially relevant to Plaintiff's claims. Because the parties both agreed this discussion had been ongoing, the Special Master asked both parties to submit financial estimates for the methodology and cost associated with additional review of potential material. Both parties timely submitted information to the Special Master.

Defendant Tousey objected to a review of any additional material, emphasizing that the methodology to cull and review data had been agreed upon by both parties (even if it was potentially flawed), and that any additional review at this time would be costly (in the tens of thousands of dollars at a minimum) and prejudice the proceeding, given that discovery has closed and trial dates loom.

Plaintiff made requests of Defendant Tousey, namely: (1) to identify the whereabouts and contents of a "LaCie" device that was connected to Defendant Tousey's computer, and any material that exists therein; (2) identify the contents of Defendant Tousey's One Drive account and the material that exists therein; and (3) review and identify relevant materials in a related Dropbox Account. Plaintiff also identified additional file folder locations that may contain

information relevant to the matter that were not previously searched. Without reviewing the folders fully, Plaintiff instead requests a stipulation with language that would effectively require Defendant Tousey to undergo review of the material. Plaintiff's submission did not include a financial estimate for this work to be completed (either by their expert, Defendant's or a neutral). When specifically asked whether Plaintiff could estimate the cost of this work, Plaintiff responded they required input from Defendant on the spaces to be searched to estimate cost.

Plaintiff's requests all seem like information that could have been reasonably identifiable and addressed during the pendency of discovery. Plaintiff does not appear to have a narrow, follow up request, but instead is asking for new folders to be reviewed. With some particularity, Plaintiff could have asked their expert, based on information they already possessed, to estimate the volume of data Defendant Tousey may possess in the specific categories enumerated, and the cost associated to review and unearth this speculative material, but chose not to share that estimate with the Special Master.

Moreover, as of January 9, 2024, the Court was under the impression (provided by the parties) that fact discovery was largely complete, and Plaintiff did not raise these issues with the Court at that time. Plaintiff's requests lack particularity, given this late date. Fact discovery is effectively complete. Therefore, Plaintiff's request for additional data from Defendant Tousey's drives is DENIED.

4. **Motion to Compel:**

The parties conferred and exchanged additional information without the need for briefing or a ruling from the Special Master, and therefore have resolved this issue.

Respectfully submitted,

/s/ *Marisa T. Darden*
Marisa T. Darden (0074258)
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF
127 Public Square, Suite 4900
Cleveland, OH 44114
Tel: (216) 363-4440
Fax: (216) 363-4588
mdarden@beneschlaw.com


*Special Master*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Marisa T. Darden*
Marisa T. Darden

*Special Master*